**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jan 31, 2018

OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS - TEXARKANA DIVISION

1) CRAIG SHIPP

    Plaintiff,

vs.

1) KEVIN MURPHY, Chief Deputy Director, Individually;
2) KIMBERLY HOFFMAN, Medical Administrator, Individually;
3) STEVE ARNOLD, Warden of the Southwest Arkansas Community Correction Center in Texarkana, Individually;
4) LENORA TURNER, Medical Director of the Southwest Arkansas Community Center in Texarkana, Individually;
5) DR. MIMO LEMDJA, Employee and/or Contract Physician of the Southwest Arkansas Community Correction Center in Texarkana, Individually;
6) DR. LORENE LOMAX, Employee and/or Contract Physician of the Southwest Arkansas Community Correction Center in Texarkana, Individually;
7) NURSE STONER, Individually;
8) NURSE KENDALL SMITH, Individually;
9) NURSE CUNNINGHAM, Individually;
10) COUNSELOR JANINE THACKER, Individually;
11) All Unknown JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 and JANE DOE 1, JANE DOE 2 and JANE DOE 3, Employees of the Southwest Arkansas Community Correction Center in Texarkana; and
12) All Unknown JOHN DOE 4, JOHN DOE 5, JOHN DOE 6 and JANE DOE 4, JANE DOE 5 and JANE DOE 6 Physicians and Medical Staff of the Southwest Arkansas Community Correction Center in Texarkana,

    Defendants.

Case No.

**COMPLAINT**   18-4017

JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Craig Shipp, by and through undersigned counsel, and files his complaint against the above named Defendants. In support thereof, he shows this Honorable Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is an action by the Plaintiff, Craig Shipp, (Plaintiff) against Kevin Murphy, Chief Deputy Director, Individually; Kimberly Hoffman, Medical Administrator, Individually; Steve Arnold, Warden of the Southwest Arkansas Community Correction Center in Texarkana, Individually; Lenora Turner, Medical Director of the Southwest Arkansas Community Center in Texarkana, Individually; Dr. Mimo Lemdja, Employee And/or Contract Physician of the Southwest Arkansas Community Correction Center in Texarkana, Individually; Dr. Lorene Lomax, Employee And/or Contract Physician of the Southwest Arkansas Community Correction Center in Texarkana, Individually; Nurse Stoner, Individually; Nurse Kendall Smith, Individually; Nurse Cunningham, Individually; Counselor Janine Thacker, Individually; All Unknown John and Jane Doe Employees of the Southwest Arkansas Community Correction Center in Texarkana; and All Unknown John and Jane Doe Physicians and Medical Staff of the Southwest Arkansas Community Correction Center in Texarkana. This action arose from the deliberate indifference of the Defendants in failing to provide Mr. Shipp adequate medical care despite his repeated requests, obvious continuing distress, objective medical condition, visible developing and open wounds, and his consistently reported symptoms during the time period he was an inmate at the Southwest Arkansas Community Correction Center in Texarkana.

2. Those symptoms were clearly indicative of the condition that caused him to ultimately lose his right foot due to amputation.

3. The Plaintiff's causes of action are based upon the Defendants' denial of Mr. Shipp's federal constitutional rights Eighth and Fourteenth Amendment to the United States Constitution while acting under color of state law which is made actionable under the provisions of Title 42 U.S.C. § 1983. The action is also based on his state law claim that the actions described represented Negligence.

4. Mr. Shipp was deprived of his rights secured under the United States Constitution and the Constitution of the State of Arkansas by the above-captioned Defendants, all of whom were at all times relevant hereto Community Corrections employees, officers and/or contract employees. were at all times relevant hereto Department of Corrections officers and employees.

## PARTIES

5. At all times relevant herein, Craig Shipp was an inmate within the Southwest Arkansas Community Corrections Center in Texarkana located 506 Walnut Street, Texarkana, Arkansas 71854 during which he was deprived of medical attention and care access to medical starting in February 2016.

6. At all times pertinent and relevant hereto, upon information and belief, the above named Defendants were residents of the State of Arkansas and acting under the color of law with the Arkansas Community Correction Department.

## JURISDICTION

7. This action arises under the United States Constitution, particularly under the provisions of the Eighth and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983 of the Civil Rights Act.

8. This Court has jurisdiction over this case pursuant to 28 U.S. C. § 1331 which gives

this Court original jurisdiction over civil actions arising under the federal laws and federal constitution, and pursuant to 28 U.S.C. § 1343(a)(3)-(4), which gives this Court original jurisdiction over civil actions to redress the deprivation, under color of state law, statute, ordinance, regulation, custom or usage, of any federal constitutional right or any right secured by federal statutes including 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is proper in the Western District of Arkansa - Texarkana Division as the acts and transactions complained of herein all occurred within the district.

10. Therefore, jurisdiction and venue are proper before this Court.

## FACTS

11. At all pertinent times relevant herein, Craig Shipp was a male inmate housed in the Southwest Arkansas Community Correction Center in Texarkana, where he was beginning a sentence due to a DWI conviction.

12. Mr. Shipp was processed through the County Detention Center where he was informed that he would receive his orthotic shoes after being transferred the next day to the Southwest Arkansas Community Correction Center in Texarkana.

13. On February 1, 2016, Mr. Shipp was transferred to the Southwest Arkansas Community Correction Center in Texarkana where he informed the intake personnel that he was diabetic and needed the orthotic shoes for his medical condition. Mr. Shipp was not provided his orthotic shoes during this intake and was informed that he needed approval.

14. On February 1, 2016, Mr. Shipp wrote a formal complaint to Warden Steve Arnold

4

stating that it was medically necessary that he receive his orthotic shoes to prevent sores and/or ulcers from forming due to his diabetic condition. The employees and officials were further on notice as Mr. Shipp had lost his left big toe years prior to this due to his diabetic condition. As such, they knew it was critical and serious that Mr. Shipp receive his prescribed orthotic shoes to alleviate the pressure on his feet.

15. Mr. Shipp was forced to climb multiple flights of stairs due to being housed on the upper levels of the facility. Climbing these stairs in the improper footwear caused additional stress and pressure on his feet. Mr. Shipp attempted to be approved for elevator use, which was denied.

16. On or about February 12, Mr. Shipp advised Warden Arnold that he had already developed an open wound on his left foot and charcot joint on his right foot, causing his bones to break down. He again reiterated that he needed special orthotics. This request was forwarded to Lenora Turner. Ms. Turner failed to respond in an appropriate amount of time and failed to insure that Mr. Shipp was provided his orthotics in a timely manner.

17. Upon information and belief Plaintiff believes the following Defendants were either the final decision-makers over the policies and procedures of the Southwest Arkansas Community Correction Center in Texarkana or provided supervision and training which caused an unconstitutional policy and practice and/or custom of the facility to refuse diabetic inmates their orthotic shoes despite the known risks of limb loss and developing wounds and ulcers. These Defendants are Chief Deputy Director Kevin Murphy, Medical Administrator Kimberly Hoffman, Warden Steve Arnold, and Medical Director Lenora Turner. These Defendants are liable under § 1983 for their acts and omissions in promulgating these unconstitutional policies and practices. Additionally, these individuals each were notified of the acts and conditions of Mr. Shipp's status

while at the Southwest Arkansas Community Correction Center in Texarkana and failed to insure that he receive the proper and constitutional medical care.

18. On or about February 12, 2016, Mr. Shipp was seen by Dr. Lorena Lomax for his developing wounds and sores. Dr. Lomax did not stage or document the wounds or sores at that time.

19. Plaintiff believes that Dr. Lomax is an independent contractor with the State of Arkansas to provide care at the Southwest Arkansas Community Correction Center in Texarkana.

20. On February 16, 2016, Mr. Shipp, who still did not have his orthotics, returned to medical where he was seen by Nurse Kendall Smith and Dr. Mimo Lemdja. Again, his wounds were not properly documented or staged at this time. Additionally, the medical providers did nothing to insure that Mr. Shipp received his orthotics, even though it had been over two weeks without his appropriate prescribed medical footwear.

21. Plaintiff believes that Dr. Lemdja is an independent contractor with the State of Arkansas to provide care at the Southwest Arkansas Community Correction Center in Texarkana.

22. On February 23, 2016, Dr. Lomax stated that Mr. Shipp had a limb-threatening wound and needed expert debridement. Due to the policies and procedures and custom or practice implemented by Defendants Arnold, Turner, Hoffman and/or Murphy, nearly a week passed before Ms. Shipp received the requested debridement.

23. On or about March 9, 2016, Mr. Shipp's right foot was placed in a cast by an outside facility. Upon returning to the facility on the evening of the 9th, Mr. Shipp noticed that the cast was too tight and rubbing areas on his right foot and leg raw. He informed Nurse Cunningham, Dr. Lomax, Nurse Kendall Smith and Nurse Stoner over the following days of this fact. Despite repeated complaints and evidence showing that the cast was injuring his foot further, Mr. Shipp did not have

the cast removed until March 15, 2016 due to the acts and omissions of the Defendants who received the complaints and/or the unconstitutional policies and procedures enacted by the Defendants supervising or overseeing the facility.

24. Mr. Shipp had also been informed that the corrections center in Malvern, Arkansas had a better medical department and facility to manage his diabetic condition. However, upon making a request to the warden, this was denied due to the Defendants' policies and procedures and protocol. Mr. Shipp also filed multiple grievances and appeals in accordance with the Facility's policies and procedures concerning his care which were denied and stated "without merit" by Defendants. No further appeal processes were identified to Mr. Shipp to resolve his complaints.

25. It took Defendants over three weeks to provide Mr. Shipp his orthotic shoes which would have prevented the sores and ulcers from forming. Additionally, it took nearly three weeks for Mr. Shipp to be transferred to an appropriate wound care facility after wounds began to form. An additional delay was incurred due to the policies and procedures and protocol enacted by these Defendants needing formal approval in an untimely fashion, causing Mr. Shipp's wounds to increase in their severity and size.

26. The wounds and ulcers formed due to the acts and/or omissions of the Defendants and their policies or procedures and Ms. Shipp ultimately had his right foot amputated, as the wounds never healed.

27. John Does and Jane Does 1-6 are persons, corporations, clinics, insurance carriers, liability pools, or other responsible parties, as well as parties insuring the Defendants herein. All agents, officers, employees or contractors of Southwest Arkansas Community Correction Center in Texarkana, Arkansas and all medical staff of the Southwest Arkansas Community Corrections

Center in Texarkana, Arkansas their agents, officers employees, or contractors. The identity of these John Doe and Jane Doe defendants, despite Plaintiff's best information, is unknown at this time.

## FIRST CAUSE OF ACTION

## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE

Plaintiff hereby realleges and incorporates by reference the allegations complained with in paragraphs 1 through 27 of this complaint.

28. While incarcerated in Defendants' custody, Craig Shipp had a constitutional right under the substantive due process clause of the Fourteenth Amendment to the United States Constitution to have his basic human needs met, including the right to receive adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Craig Shipp's Fourteenth Amendment rights.

29. Craig Shipp's constitutional right to receive adequate medical care was clearly established and his serious medical condition of diabetes and resulting open sores associated with his diabetes was clearly established.

30. During all times mentioned herein, the individual Defendants acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, processes, customs, and usages of the State of Arkansas.

31. The individual Defendants and supervisor Defendants herein deprived the Plaintiff of the rights, privileges and immunities secured to them by the Eighth and Fourteenth Amendments to the United States Constitution and the Law of the United States.

32. Defendants' behavior far surpassed "mere negligence." Defendants willfully denied Craig Shipp adequate medical care, and were deliberately indifferent to his medical needs. Their

8

deliberate indifference evinces both an adamantine and deeply ingrained institutional bias of very long standing against crediting the serious health complaints of Arkansas prisoners.

33. Craig Shipp had objective and serious medical needs and it was obvious that he required immediate medical attention. Furthermore, Defendants knew of and disregarded the substantial risk of serious harm to his health and safety. Defendants' acts and/or omissions in response to Craig Shipp's medical needs were so grossly incompetent and inadequate as to shock the conscience.

34. As a direct and proximate result of defendants' acts and/or omissions, as described herein, Defendants, hereinabove-named, while acting under color of state law, deprived Craig Shipp of his federal constitutional right to receive adequate medical care in violation of the Fourteenth Amendment which is actionable under 42 U.S.C. § 1983.

35. As a further direct and proximate result of Defendants' acts and/or omissions. as described herein. Craig Shipp suffered violations of his rights, privileges and immunities under the Constitution of the United States and suffered excruciating pain and suffering, all to his damage in an amount in excess of Seventy-five Thousand Dollars ($75.000.00). Mr. Shipp has additionally incurred medical expenses and personal pecuniary losses as a result of the medical condition caused by Defendants' actions.

36. The defendants, and each of them have in regard to this matter exhibited a willful and deliberate disregard for the rights and safety of Mr. Shipp. Accordingly, Plaintiff is entitled to punitive damages against all of the individual and supervisor Defendants in an amount in excess of Seventy-five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION

## CRUEL AND UNUSUAL PUNISHMENT

Plaintiff hereby realizes and incorporates by reference the allegations complained of in paragraphs 1 through 36 of the Complaint.

37. Mr. Shipp had a right under the Eighth Amendment to the United States Constitution to be free from any cruel and unusual punishment. The Defendants violated Mr. Shipp's right under the Eighth Amendment to be free from cruel and unusual punishment by their above-described actions consisting of their deliberate indifference to his serious medical needs and by subjecting him to conditions that caused him extreme pain and suffering and compounded his medical problems which resulted in a loss of his right foot.

38. Mr. Shipp's constitutional right not to be subjected to cruel and unusual punishment under these circumstances was clearly established.

39. As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Defendants, hereinabove-named, while acting under color of state law, deprived Mr. Shipp of his federal constitutional right in violation of the Eighth Amendment, 42 U.S.C. § 1983.

40. As a further direct and proximate result of Defendants' acts and/or omissions, as described herein, Mr. Shipp suffered violations of his rights, privileges and immunities under the Constitution of the United States and suffered excruciating pain and suffering, all to his damage in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), including incurred medical and loss of income damages.

41. The Defendants, and each of them, have in regard to this matter exhibited a willful and deliberate disregard for the rights and safety of Mr. Shipp. Accordingly, Plaintiff is entitled to punitive damages against all of the individual and supervisor Defendants in an amount in excess of

Seventy-five Thousand Dollars ($75,000.00).

## THIRD CAUSE OF ACTION

### NEGLIGENCE

Plaintiff hereby realizes and incorporates by reference the allegations complained of in paragraphs 1 through 41 of the Complaint.

42. In the event the Southwest Arkansas Community Correction Center in Texarkana's Physicians providing care are found to be independent contractors, these individuals are not protected under the Qualified Immunity and are subject to state law claims of the State of Arkansas.

43. The above-described acts and/or omissions by physicians Lemdja and Lomax constitute at the bare minimum negligence which caused and/or contributed to Mr. Shipp's damages.

44. As a direct and proximate cause of the Defendants' acts and/or omissions, as described within this section, Mr. Shipp suffered excruciating pain and suffering, medical expenses, loss of income and other damages allowed in an amount in excess of Seventy-five Thousand Dollars ($75,000.00).

45. The Defendants, in their acts described herein, have, in regard to this matter, exhibited a willful and deliberate disregard for the rights and safety of Mr. Shipp. Accordingly, Plaintiff is entitled to punitive damages against these individuals in an amount in excess of Seventy-five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A. Finding that Defendants, and all of the John Does 1-6 and all of the Jane Does 1-6

and each of them, committed acts and omissions that constituted violations of the Eighth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. §1983;

B. Awarding judgment in favor of Plaintiff against the Defendants, including the John and Jane Does and each of them jointly and severally in an amount in excess of Seventy-five Thousand Dollars ($75,000.00) as and for compensatory damages;

C. Awarding judgment in favor of Plaintiff against the Defendants and John and Jane Does and each of them jointly and severally in an amount in excess of Seventy-five Thousand Dollars ($75,000.00 as and for punitive damages;

D. Awarding judgment in favor of Plaintiff against the Defendants who are independent contractors and their John and Jane Does for their negligent acts, jointly and severally, in an amount in excess of Seventy-five Thousand Dollars ($75,000.00) as and for compensatory damages;

E. Awarding plaintiff all applicable pre-judgment and post-judgment interest;

F. Awarding Plaintiff attorney fees and costs, pursuant to 42 U.S.C. § 1983 and § 1988.

Respectfully submitted,

*/s/ Ronald W. Metcalf*

Ronald W. Metcalf, AR Bar No. 73084
Ronald W. Metcalf, PA
702 Garrison Ave.
Ft. Smith, AR 72901
**Mailing address:**
P.O. Box 1844
Ft. Smith, AR 72902
metcalfron@aol.com
(479) 783-0239 - Telephone
(479) 783-6754 - Facsimile

## EXHIBIT A

## AFFIDAVIT UNDER A.C.A §16-56-125

COMES NOW Ronald W. Metcalf, Attorney at law for the Plaintiff herein, under oath and pursuant to A.C.A §16-56-125 states:

1. I am the attorney for the Plaintiff herein and I have made an investigation as to the injuries to Plaintiff, Craig Shipp, starting in 2016 in the Southwest Arkansas Community Correction Center in Texarkana, Arkansas and their medical staff or outside medical contractors; despite my best efforts there may be unknown tort-feasors in regard to who contributed or caused injuries to Craig Shipp and the said unknown tort feasors are designated by pseudo-name John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6. Upon determining the identity of the tort feasors identified as John and Jane Does 1 through 6 this Complaint shall be amended by substituting the real name for the pseudo-name.

Further Affiant saith not.

/Ronald W. Metcalf
Ronald W. Metcalf, P.A.
Arkansas Bar No. 73084
702 Garrison Ave.
P.O. Box 1844
Fort Smith, AR 72902-1844
Telephone: (479) 783-0239
Facsimile: (479) 783-6754
Metcalfron@aol.com

State of Arkansas   )
County of Sebastian )

Subscribed and Sworn to before me this 30th day of January, 2018.

Notary Public

My commission expires: 2-4-2020