# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

CRAIG SHIPP                                                                    **PLAINTIFF**

v.                            **NO. 4:18-CV-04017 SOH**

DR. LORENE LOMAX, DR. MIMO LEMDJA,
KIMBERLY HOFMANN, LENORA PHILSON,
KINDALL SMITH, et al                                                          **DEFENDANTS**

## ANSWER

Defendants Dr. Lorene Lomax, Dr. Mimo Lemdja, Kimberly Hofmann, Lenora Philson (formerly Turner), and Kindall Smith, (medical defendants), by and through their attorneys, Humphries, Odum and Eubanks, answer as follows:

1.     Medical defendants admit the identity of the defendants named herein, as set forth in Paragraph 1 of the Complaint; otherwise, medical defendants lack sufficient information to admit the identity of the other named individuals and they deny any inference or allegation of wrongdoing, specifically the allegation of deliberate indifference and related facts.

2.     Medical defendants admit that plaintiff was a resident of SWACC in Texarkana February 1, 2016, to May 11, 2016; otherwise, medical defendants deny the allegations set forth in Paragraph 5 of the Complaint.

3.     Medical defendants deny that they were all residents of Arkansas, but they admit that they were working and acting under of color of state (Arkansas) law from February 1, 2016, to May 11, 2016 while working at SWACC; otherwise, they lack sufficient information to made admissions for the remainder of the defendants as stated in Paragraph 6 of the Complaint.

4.     Medical defendants admit the allegations set forth in Paragraphs 7, 9, 10, 11, 29, 30 of the Complaint.

5.	Medical defendants admit the code sections and claimed basis for the cause of action as set forth in Paragraph 8 of the Complaint; otherwise, medical defendants deny any inference or allegation of wrongdoing, including an entitlement to judgment or relief.

6.	Medical defendants admit that the medical records for the specific date in question speak for themselves; otherwise, medical defendants deny the allegations set forth in Paragraphs 13 and 22 of the Complaint.

7.	Medical defendants admit that the law speaks for itself; otherwise, medical defendants deny the allegations set forth in Paragraphs 28 and 42 of the Complaint.

8.	Medical defendants deny the allegations set forth in Paragraphs 3, 4, 17, 18, 19, 20, 21, 26, 31, 32, 34, 35, 36, 39, 40, 41, 43, 44, 45, and Prayer for Judgment section A, B, C, D, E, and F of the Complaint.

9.	Medical defendants deny, as stated, the allegations set forth in Paragraphs 23, 24, 25, 33, 37, and 38 of the Complaint.

10.	Medical defendants lack sufficient information to either admit or deny the allegations set forth in Paragraphs 2, 12, 14, and 27 of the Complaint and, therefore, deny the same.

11.	Medical defendants lack sufficient information to either admit or deny what plaintiff claims he was "forced" to do, as set forth in Paragraph 15 of the Complaint and, therefore, deny the same. Further, they deny that they denied him elevator use as medical issued him multiple elevator passes beginning February 5, 2016.

12.	Medical defendants lack sufficient information to either admit or deny what plaintiff claims he advised the Warden; however, they deny that any February 12 request by plaintiff was forwarded to Ms. Turner (Philson) as set forth in Paragraph 16 of the Complaint.

13.	To the extent that any paragraph in the Complaint contains allegations, averments or

statements of fact that are inconsistent with Plaintiff's ADC institutional medical records, said allegations, averments or statements of fact are denied.

14.     Medical defendants deny any other allegations, averments or statements of fact set forth in the Complaint that are not specifically admitted or otherwise addressed herein.

15.     Medical defendants assert and reserve the right to file an amended answer or other appropriate pleadings and to allege any affirmative defense that might be available to them after they have had a reasonable opportunity to investigate the allegations set forth in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

16.     Medical defendants assert the following affirmative defenses:

    a.      failure to exhaust administrative remedies;

    b.      non-compliance with Prison Litigation Reform Act;

    c.      absence of physical injury;

    d.      failure to state a claim;

    e.      qualified immunity;

    f.      doctrine of sovereign immunity

    g.      issue or claim preclusion;

    h.      contributory negligence;

    i.      comparative fault;

    j.      entitlement to contribution, indemnity, allocation of fault, credit, offset, setoff;

    k.      conformance with Uniform Contribution Among Joint Tortfeasors Act;

    l.      statute of limitations;

    m.      jurisdiction;

n.   no respondeat superior;

o.   mitigation of damages;

p.   mootness of injunctive relief;

q.   failure to join a proper party;

r.   punitive damages prohibited by the U.S. and Arkansas Constitutions and law;

s.   no entitlement to trial by jury on the issue of punitive damages per *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001);

t.   justification; and

u.   waiver.

WHEREFORE, medical defendants request that plaintiff's complaint be dismissed and that all relief requested be denied.

Respectfully submitted,

*Michelle B. Odum*

Michelle Banks Odum, #94135
HUMPHRIES, ODUM & EUBANKS
Attorneys for Medical Defendant
1901 Broadway Street
Little Rock, AR 72206
Telephone: (501) 420-1776
Email: michelle@humphrieslaw.net

## CERTIFICATE OF SERVICE

I, Michelle Banks Odum, hereby certify that on February 26, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings, including Mr. Ronald W. Metcalf.

*Michelle B. Odum*

Michelle Banks Odum