IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CRAIG SHIPP                                                                                        PLAINTIFF

v.                                              Case No. 4:18-cv-4017

KEVIN MURPHY; STEVE
ARNOLD; *et al.*                                                                              DEFENDANTS

## ORDER

Before the Court is Defendants Kevin Murphy and Steve Arnold's Motion to Dismiss. (ECF No. 18). Plaintiff Craig Shipp filed a response. (ECF No. 20). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On March 26, 2018, Plaintiff, represented by counsel, filed an amended complaint, asserting Eighth Amendment cruel-and-unusual-punishment claims and Eighth and Fourteenth Amendment deliberate-indifference claims pursuant to 42 U.S.C. § 1983, as well as state-law negligence claims against various Defendants.[1]

At all times relevant to this suit, Plaintiff was serving a sentence in the Arkansas Community Correction, Southwest Arkansas Community Correction Center in Texarkana, Arkansas ("SWACCC"). Plaintiff is diabetic and alleges that he requires the use of orthotic shoes to prevent sores and/or ulcers from forming on his feet as a result of his condition.

Plaintiff alleges that before being transferred to the SWACCC, his orthotic shoes were taken from him at the Miller County Detention Center. Plaintiff alleges further that when he was

---

[1] Plaintiff's amended complaint does not assert negligence claims against Defendants Murphy and Arnold. Thus, Plaintiff's negligence claims are not placed at issue in the instant motion and will not be discussed in this Order.

transferred to the SWACCC on February 1, 2016, he informed the intake personnel that he was diabetic and required orthotic shoes for his medical condition. Plaintiff states that he was told he needed approval for orthotic shoes. Plaintiff alleges that on the same day, he wrote a formal complaint to Defendant Arnold, the warden of the SWACCC, stating that it was medically necessary for him to receive orthotic shoes. Plaintiff did not receive orthotic shoes at that time.

Plaintiff alleges that he was forced to climb multiple flights of stairs because he was housed on an upper level of the facility, and that climbing the stairs without orthotic shoes caused additional stress on his feet. He alleges that he applied for elevator use, but the request was denied. On February 12, 2016, Plaintiff alleges to have advised Defendant Arnold that he had begun to suffer medical complications to his feet. Plaintiff alleges to have again advised Defendant Arnold that he needed orthotic shoes. Plaintiff also alleges that this request was forwarded to Separate Defendant Lenora Turner, the medical director at the SWACCC. (ECF No. 15, p. 6).

Plaintiff alleges that he saw medical staff on February 12, February 16, and February 23, 2016, and did not receive orthotic shoes during those visits. On February 23, 2016, medical staff informed Plaintiff that he had a limb-threatening wound and needed expert debridement,[2] but Plaintiff alleges that due to the "policies and procedures and custom or practice" implemented by certain Defendants, including Defendants Murphy and Arnold, nearly a week passed before he received the requested debridement.

At some unspecified time, Plaintiff alleges to have requested a transfer to a corrections center in Malvern, Arkansas, which he states had a better medical department and facility to manage his diabetic condition. Plaintiff alleges that this request was denied due to Defendants'

---

[2] Debridement "is the process of removing dead (necrotic) tissue or foreign material from and around a wound to expose healthy tissue." 3 Richard H. Camer & Monique Laberge, *The Gale Encyclopedia of Medicine* 1447 (5th ed. 2015).

2

policies, procedures, and protocol.

Plaintiff ultimately received his orthotic shoes more than three weeks after arriving at the SWACCC. Plaintiff alleges that his foot was amputated because of the wounds and ulcers that formed during the time he did not have orthotic shoes. Plaintiff claims that Defendants' acts, omissions, policies, and procedures violated his constitutional rights.

On March 28, 2018, Defendants Murphy and Arnold filed the instant motion, arguing that Plaintiff's claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in Plaintiff's amended complaint and must draw all reasonable inferences in Plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations

omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The issue in considering such a motion is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989). In reviewing a motion to dismiss under Rule 12(b)(6), the Court is "not precluded in [its] review of the complaint from taking notice of items in the public record" or considering documents that do not contradict the complaint. *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

### III. DISCUSSION

Defendants Murphy and Arnold argue that Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted against either of them. Accordingly, Defendants Murphy and Arnold move for dismissal of all claims against them pursuant to Rule 12(b)(6).

42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under section 1983, Plaintiff must allege that Defendants Murphy and Arnold acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

4

Plaintiff appears to assert three types of claims against Defendants Murphy and Arnold: (1) deliberate indifference under the Fourteenth Amendment; (2) deliberate indifference under the Eighth Amendment; and (3) cruel and unusual punishment under the Eighth Amendment. The Court will address each claim in turn.

**A. Deliberate Indifference**

As an initial matter, the Court notes that Plaintiff's amended complaint appears to assert deliberate-indifference claims against Defendants Murphy and Arnold under both the Eighth and Fourteenth Amendments. Plaintiff's amended complaint states that his causes of action are based upon Defendants' denial of his Eighth Amendment constitutional rights. (ECF No. 15, p. 3). The amended complaint later states that Defendants' deliberate indifference to his serious medical needs constitutes a violation of his Fourteenth Amendment rights. Before the Court can proceed to the substance of the instant motion, it must first address the distinction between these two claims, academic as it may be.

**1. Fourteenth Amendment**

Plaintiff claims that Defendants Murphy and Arnold were deliberately indifferent to his serious medical needs, in violation of the Fourteenth Amendment.

Claims of deliberate indifference arise under the Fourteenth Amendment when the inmate is a pre-trial detainee. *Thornton v. U.S. Dep't of Justice*, 93 F. Supp. 2d 1057, 1064 (D. Minn. 2000) (citing *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994)). Conversely, deliberate-indifference claims arise under the Eighth Amendment when the inmate has been convicted and is serving a sentence. *Id.*

In this case, Plaintiff has pleaded that at all times relevant to this suit, he was serving a sentence in the SWACCC. (ECF No. 15, p. 5). Plaintiff has not pleaded that he was a pre-trial

detainee when Defendants Murphy and Arnold were allegedly deliberately indifferent to his serious medical needs, which would provide a basis for bringing a deliberate-indifference claim pursuant to the Fourteenth Amendment. For this reason, the Court finds that Plaintiff has failed to state a plausible Fourteenth Amendment deliberate-indifference claim upon which relief can be granted. Accordingly, the Court finds that Plaintiff's Fourteenth Amendment deliberate-indifference claims against Defendants Murphy and Arnold should be dismissed.

### 2. Eighth Amendment

Plaintiff also claims that Defendants Murphy and Arnold were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Although he does not specify, Plaintiff appears to assert these claims against Defendants Murphy and Arnold in both their individual and official capacities.[3]

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). The deliberate-indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original).

To show that he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To satisfy the subjective prong of deliberate

---

[3] Plaintiff alleges that Defendants Murphy and Arnold were final decision-makers at the SWACCC "who caused an unconstitutional policy and practice and/or custom of the facility to refuse diabetic inmates their orthotic shoes despite the known risks of limb loss and developing wounds and ulcers." (ECF No. 15, p. 6).

indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted).

Deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (footnotes omitted). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). *But see Schaub*, 638 F.3d at 919 (stating that submission of verifying medical evidence is unnecessary where the need for medical attention would have been obvious to a layperson).

Defendants Murphy and Arnold argue that Plaintiff's deliberate-indifference claims against them should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief should be granted. For ease of discussion, the Court will first address Plaintiff's official-capacity claims against Defendants Murphy and Arnold. Then the Court will separately address Plaintiff's individual-capacity claims against the two.

### a. Official-Capacity Claims

Under section 1983, a defendant may be sued in either his individual or official capacity or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official-capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels*

7

*Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Defendants Murphy and Arnold are employees of the Arkansas Community Correction, an Arkansas state agency. Accordingly, Plaintiff's official-capacity claims against Defendants Murphy and Arnold are treated as claims against the State of Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010); *Tiller v. Nash*, No. 4:14-cv-4095, 2015 WL 4647651, at *1-2 (W.D. Ark. Aug. 5, 2015) (treating official-capacity claims against Arkansas Community Correction employees as claims against the State of Arkansas).

The Eleventh Amendment to the United States Constitution bars federal lawsuits brought by individuals against states. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). "'This bar exists whether the relief sought is legal or equitable.'" *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). However, there are certain well-established exceptions to the reach of the Eleventh Amendment. *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). "A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment." *Id*.

Defendants Murphy and Arnold do not argue that sovereign immunity applies to bar Plaintiff's official-capacity claims against them. However, "'sovereign immunity is a threshold jurisdictional matter and a jurisdictional prerequisite' and 'may be raised *sua sponte* by the court.'" *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 722 (D. Minn. 2015) (quoting *Amerind Risk Mgmt. Corp. v. Malaterre*, 663 F.3d 680, 686 (8th Cir. 2001)). With this in mind, the Court will address *sua sponte* the issue of whether Plaintiff's official-capacity claims against Defendants Murphy and Arnold are barred by sovereign immunity.

"Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk*, 948 F.2d at 493. Likewise, there is nothing to suggest that the State of Arkansas has waived its sovereign immunity or consented to this suit. Therefore, to the extent that Plaintiff seeks relief from the State of Arkansas or the Arkansas Community Correction as an arm of the State of Arkansas, his section 1983 claims are barred by the Eleventh Amendment. Accordingly, the Court finds that Plaintiff's official-capacity claims against Defendants Arnold and Murphy should be dismissed.

### b. Individual Capacity Claim Against Defendant Arnold

Defendants Murphy and Arnold argue that Plaintiff fails to state a plausible deliberate-indifference claim against Defendant Arnold. They argue that because Defendant Arnold, the warden of the SWACCC, is not involved in treatment decisions and lacks medical expertise, he can only be held liable for deliberate indifference for intentionally delaying or denying access to medical care or intentionally interfering with medical treatment once prescribed. They argue further that, although Plaintiff alleges that Defendant Arnold was aware of his medical needs, Plaintiff does not allege that Defendant Arnold failed to get him medical attention. Defendants Murphy and Arnold point to Plaintiff's allegations that after he advised Defendant Arnold on February 12, 2016, that he was developing injuries to his feet, he saw medical personnel on the same day. Defendants Murphy and Arnold also argue that Plaintiff's amended complaint concedes that Defendant Arnold forwarded his February 12, 2016, medical request to the appropriate medical staff. Thus, Defendants Murphy and Arnold conclude that because Defendant Arnold passed Plaintiff's medical request to the medical staff, he did not delay or deny Plaintiff's access to treatment and cannot be liable for deliberate indifference.

Plaintiff responds that he has alleged that he repeatedly advised Defendant Arnold of his

medical need for orthotic shoes and Defendant Arnold repeatedly failed to take action regarding the medical requests. Plaintiff also argues that he did not allege that Defendant Arnold forwarded Plaintiff's medical request to the appropriate personnel on February 12, 2016. In support, Plaintiff points to the answer filed in this case by separate medical personnel Defendants, who claim that they did not receive Plaintiff's medical complaints from Defendant Arnold. Plaintiff argues that his allegations that Defendant Arnold intentionally failed to respond to his medical requests and failed to forward the requests to medical staff form a plausible deliberate-indifference claim.[4]

Plaintiff's amended complaint alleges in relevant part that:

> On or about February 12, [Plaintiff] advised [Defendant Arnold] that he had already developed an open wound on his left foot and charcot joint on his right foot, causing his bones to break down. He again reiterated that he needed special orthotics. This request was forwarded to Lenora Turner. Ms. Turner failed to respond in an appropriate amount of time and failed to insure that [Plaintiff] was provided his orthotics in a timely manner.

(ECF No. 15, p. 6). Plaintiff and Defendants Murphy and Arnold each point to this passage as support for their respective arguments. Their point of contention is the allegation that Plaintiff's medical request "was forwarded" to SWACCC medical staff. Defendants Murphy and Arnold contend that this language alleges that Defendant Arnold forwarded the medical request to medical staff. Plaintiff argues that this is not the case and that he instead alleged that Defendant Arnold failed to do so, although he does not clarify who he alleges forwarded the request to medical staff.

At this stage of the proceedings, the Court must take as true all of Plaintiff's factual allegations and draw all reasonable inferences in Plaintiff's favor. *See Ashley Cnty., Ark.*, 552 F.3d at 665. In doing so, the Court will, for purposes of this Order, infer that Plaintiff alleged that Defendant Arnold did not forward his medical request to medical staff. This allegation, taken in

---

[4] Plaintiff also makes other arguments against dismissal of his claim, including that Defendant Arnold acted with deliberate indifference by failing to adequately supervise the SWACCC medical staff. In light of the Court's finding below, it is not necessary for the Court to consider these arguments.

conjunction with Plaintiff's other allegations that he informed Defendant Arnold of his medical needs on other occasions and that Defendant Arnold took no action regarding the medical requests, asserts that Defendant Arnold denied or delayed Plaintiff's access to medical treatment, which is sufficient to state a plausible deliberate-indifference claim against Defendant Arnold in his individual capacity. The Court's role at this stage is not to determine if Plaintiff will ultimately prevail on said claim, but merely whether he may present evidence in support of the claim. *See Nusku*, 490 U.S. at 327. The Court finds that Plaintiff may proceed on his deliberate-indifference claim against Defendant Arnold in his individual capacity, and that the instant motion should be denied as to this claim.

### c. Individual Capacity Claim Against Defendant Murphy

Defendants Murphy and Arnold argue that Plaintiff fails to state a plausible deliberate-indifference claim against Defendant Murphy. They argue that Plaintiff has not alleged that Defendant Murphy was involved in the day-to-day operations of the facility, was involved in the provision of medical care to inmates, or was personally present during or consulted about the provision of Plaintiff's medical care. Defendants Murphy and Arnold argue further that, although Plaintiff has alleged that Defendant Murphy created an unconstitutional policy at the SWACCC, he failed to allege any specific facts regarding said policy or Defendant Murphy's creation or knowledge of the same. Accordingly, they conclude that Plaintiff has failed to state a plausible deliberate-indifference claim against Defendant Murphy.

Plaintiff argues in response that he alleged that Defendant Murphy, the chief deputy of the SWACCC, should be maintaining supervision of policies and procedures regarding significant healthcare issues. He argues further that Defendant Murphy disregarded this duty, which allowed unconstitutional practices to occur. Plaintiff states that Defendant Murphy's only argument for

11

dismissal—that he did not know of any unconstitutional policies or procedures at the SWACCC—is insufficient to obtain dismissal.

As discussed above, liability under section 1983 requires "a causal link to, and direct responsibility of, the deprivation of rights. To establish personal liability of . . . supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (alteration in original). "[A] . . . general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Id.*

Upon consideration, the Court finds that Plaintiff has failed to state a claim against Defendant Murphy. Excluding the section on parties and jurisdiction, Plaintiff's amended complaint mentions Defendant Murphy once, alleging that he instituted an unconstitutional policy or custom at the SWACCC that caused a week to pass before Plaintiff received requested debridement treatment. (ECF No. 15, p. 7). Plaintiff makes no other allegations regarding Defendant Murphy. Plaintiff has not alleged any specific facts demonstrating that Defendant Murphy created an unconstitutional policy or custom,[5] was involved in or decided the prescription of Plaintiff's medical treatment in any way, or that he was even aware of Plaintiff's medical condition. Accordingly, Plaintiff has failed to state a plausible deliberate-indifference claim against Defendant Murphy, and the Court finds that this claim should be dismissed.

**B. Cruel and Unusual Punishment**

Plaintiff claims that Defendants Murphy and Arnold's deliberate indifference to his serious medical needs subjected him to cruel and unusual punishment, in violation of the Eighth Amendment. Defendants Murphy and Arnold argue that Plaintiff has failed to state a claim upon

---

[5] Furthermore, Plaintiff did not allege any facts regarding said policy or custom other than conclusory statements that the policy existed and that it resulted in harm to him.

which relief may be granted, and accordingly, that the Court should dismiss Plaintiff's cruel-and-unusual-punishment claims against them.

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983); *Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010).

As discussed above, Plaintiff has failed to allege specific facts supporting a plausible deliberate-indifference claim against Defendant Murphy. It follows for the same reasons that Plaintiff has failed to state a cruel-and-unusual-punishment claim against Defendant Murphy. Accordingly, the Court finds that Plaintiff has failed to state a cruel-and-unusual-punishment claim upon which relief may be granted as to Defendant Murphy, and that that said claim should be dismissed.

The Court also found above that Plaintiff has sufficiently stated a deliberate-indifference claim against Defendant Arnold. For that reason, the Court finds that Plaintiff has also stated a plausible cruel-and-unusual-punishment claim against Defendant Arnold. Plaintiff may proceed on his cruel-and-unusual-punishment claim against Defendant Arnold in his individual capacity, and the instant motion should be denied as to this claim.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants Murphy and Arnolds' Motion to Dismiss (ECF No. 18) should be **GRANTED IN PART AND DENIED IN PART**. Plaintiff's official-capacity claims against Defendants Murphy and Arnold; his Fourteenth Amendment

deliberate-indifference claims against Defendants Murphy and Arnold; his Eighth Amendment deliberate-indifference claim against Defendant Murphy; and his cruel-and-unusual-punishment claim against Defendant Murphy are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Eighth Amendment deliberate-indifference claim and cruel-and-unusual-punishment claims against Defendant Arnold remain.

**IT IS SO ORDERED**, this 23rd day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge