IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CRAIG SHIPP                                                                                         PLAINTIFF

v.                                               Case No. 4:18-cv-4017

MELISSA STONER, DIANE
CUNNINGHAM, *et al.*                                                                      DEFENDANTS

## ORDER

Before the Court is the Partial Motion to Dismiss filed by Defendants Melissa Stoner and Diane Cunningham. (ECF No. 52). Plaintiff Craig Shipp has responded. (ECF No. 59). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On January 31, 2018, Plaintiff, represented by counsel, filed this action pursuant to 42 U.S.C. § 1983, in connection with alleged constitutional deprivations that occurred while he was incarcerated in the Arkansas Community Correction, Southwest Arkansas Community Correction Center in Texarkana, Arkansas. Plaintiff asserts claims of cruel and unusual punishment and deliberate indifference, as well as state-law negligence claims, against various Defendants, including Defendants Stoner and Cunningham. On January 31, 2018, summonses were issued to Plaintiff's counsel for service on all Defendants. On March 28, 2018, Plaintiff filed an amended complaint that, *inter alia*, identified a John Doe defendant and removed another defendant as a party to this matter. On November 8, 2018, Plaintiff filed a second amended complaint.

On October 28, 2018, Plaintiff filed a motion indicating that he had not served Defendants Stoner and Cunningham within the ninety-day period provided by the Federal Rules of Civil Procedure. Plaintiff asked the Court to grant him a forty-five-day extension of his time to serve

those Defendants. On November 7, 2018, the Court, applying Federal Rule of Civil Procedure 4(m), found that Plaintiff had shown sufficient excusable neglect to warrant an extension of his time to serve Defendants Stoner and Cunningham. Thus, the Court ordered Plaintiff to demonstrate perfected service on Defendants Stoner and Cunningham within thirty days or his claims against those Defendants would be dismissed without prejudice. On November 13, 2018, Plaintiff filed executed summonses on Defendants Stoner and Cunningham.

On December 3, 2018, Defendants Stoner and Cunningham filed their answer to Plaintiff's second amended complaint along with the instant motion. They seek dismissal of Plaintiff's state-law negligence claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he failed to state a claim upon which relief may be granted. Alternatively, they argue that the Court should reconsider and modify its November 7, 2018 order to disallow the extension of Plaintiff's time to serve his state-law negligence claims on Defendants Stoner and Cunningham. Plaintiff opposes the motion.

## II. DISCUSSION

The instant motion seeks dismissal of Plaintiff's state-law negligence claims against Defendants Stoner and Cunningham for two reasons. They argue first that dismissal is proper under Rule 12(b)(6) for failure to state a claim upon which relief may be granted and, second, that the Court should reconsider and modify its November 7, 2018 order to disallow the extension of Plaintiff's time to serve his state-law negligence claims, effectively dismissing those claims against them. The Court will take up the former argument and, if necessary, will then address the latter argument.

### A. Rule 12(b)(6) Argument

Defendants Stoner and Cunningham argue that Plaintiff has failed to state a negligence

claim against them upon which relief may be granted and, accordingly, dismissal of those claims is appropriate.

To survive a Rule 12(b)(6) motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in Plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The issue in considering such a motion is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to present

evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Defendants Stoner and Cunningham argue that Plaintiff did not specifically allege that they were negligent. Rather, they argue that Plaintiff only specifically alleged that Separate Defendants Lemdja and Lomax were negligent, and further made vague references to "other" employees, which is insufficient to state a plausible claim under Rule 8. Thus, they conclude that the Court should dismiss Plaintiff's state-law negligence claims against them with prejudice.

Plaintiff argues in response that his allegations against Defendants Stoner and Cunningham are sufficient to survive Rule 8 scrutiny. Specifically, Plaintiff argues that he alleged that he complained to Defendants Stoner and Cunningham, among others, regarding the tightness of a cast on his right foot and that, despite those repeated complaints, the cast was not removed for several more days due to the "acts and omissions of the Defendants who received the complaints." Plaintiff also points out that his second amended complaint asserts a negligence claim against "physicians Lemdja and Lomax and other Correct Care Solutions, LLC employees," and that his complaint clearly identified Defendants Stoner and Cunningham as employees of Correct Care Solutions, LLC. Thus, Plaintiff concludes that the Court should deny the instant motion or, alternatively, that the Court should grant him leave to file an amended complaint if the Court is inclined to grant the instant motion.

Upon consideration, the Court is satisfied that Plaintiff has asserted a negligence claim against Defendants Stoner and Cunningham upon which relief may be granted. To do so, he must provide "a short and plain statement of the claim that the pleader is entitled to relief," such that Defendants receive "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

Plaintiff alleged that he specifically informed Defendants Stoner and Cunningham of a

4

medical issue with his foot and, despite this and due to their actions and/or omissions, the issue was not addressed in a timely manner, causing Plaintiff to suffer damages, including the amputation of his foot. (ECF No. 42, pp. 7-8). Plaintiff also alleged that "the medical staff and personnel who . . . failed to appropriately treat [Plaintiff's] progressing wounds were either partly or entirely employed by Correct Care Solutions, LLC." (ECF No. 42, p. 9). The case caption of Plaintiff's second amended complaint clearly identifies Defendants Stoner and Cunningham as "Employee[s] of Correct Care Solutions, LLC." (ECF No. 42, p. 1). The Court finds Plaintiff's allegations "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. Thus, the Court finds that Defendants Stoner and Cunningham's motion should be denied to the extent that it seeks Rule 12(b)(6) dismissal of Plaintiff's negligence claims against them for failure to state a claim.

**B. Motion to Reconsider**

Defendants Stoner and Cunningham argue alternatively that the Court should reconsider and modify its November 7, 2018 order to disallow the extension of time granted to Plaintiff to serve his negligence claims on them—effectively dismissing those claims—in light of claimed prejudice the prior order causes Defendants Stoner and Cunningham.

Although this request is presented as part of a motion to dismiss, it specifically asks the Court to reconsider and modify a prior order in this case. The Federal Rules of Civil Procedure do not account for "motions to reconsider." However, the Eighth Circuit instructs that "motions to reconsider are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006)). The instant motion is directed at a non-final order. Thus, the Court will consider Defendants Stoner and Cunningham's motion to reconsider as it

would a Rule 60(b) motion.

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Motions to reconsider a nonfinal order should be 'granted only in exceptional circumstances requiring extraordinary relief.'" *Consol. Infrastructure Grp., Inc. v. USIC, LLC*, No. 8:16-CV-472, 2017 WL 2841217, at *1 (D. Neb. July 3, 2017) (quoting *Nelson*, 702 F.3d at 1043). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time."[1] *Id.*

Defendants Stoner and Cunningham ask the Court reconsider and modify its November 7, 2018 order—effectively dismissing Plaintiff's negligence claims against them—in light of claimed prejudice the prior order causes them. They present several arguments that such relief is warranted: (1) that the Court should have dismissed Plaintiff's claims against them under Rule 4(m) without first giving warning or notice to Plaintiff; (2) that the Court's November 7, 2018 order unduly prejudices them because the trial of this matter is looming and several discovery deadlines have already passed; and (3) that the Court's November 7, 2018 order unduly prejudices them because the statute of limitations for Plaintiff's negligence claims has passed. In response to each point,

---

[1] Defendants Stoner and Cunningham had not been served or appeared in this case when the Court entered the order at issue. Thus, they did not participate in the briefing that gave rise to that order and it logically follows that they technically are not now "tendering new legal theories for the first time" by making the instant motion for reconsideration. Their counsel, however, represents other co-defendants in this case and participated in the briefing that gave rise to the November 7, 2018 order. In that briefing, defense counsel—on behalf of other defendants in this case—opposed Plaintiff's request for an extension of time to serve Defendants Stoner and Cunningham, arguing grounds not asserted in the instant motion. (ECF No. 36). No party has raised an issue regarding whether this is sufficient to warrant a finding that Defendants Stoner and Cunningham are tendering "new legal theories for the first time," and, accordingly, the Court declines to consider that issue or make such a finding.

6

Plaintiff argues that the Court has already addressed the issue of service under Rule 4(m) and should not revisit the issue here. The Court will address each of Defendants Stoner and Cunningham's arguments in turn.

### 1. Rule 4(m) Dismissal Without Prior Notice

Defendants Stoner and Cunningham acknowledge that, on November 7, 2018, the Court extended Plaintiff's time to serve them and that he subsequently served them within the extended period. However, they appear to assert that the Court should have instead dismissed Plaintiff's negligence claims against them. Accordingly, they ask the Court to reconsider its November 7, 2018 order and modify it to disallow extended service of Plaintiff's negligence claims, effectively dismissing those claims.

Defendants Stoner and Cunningham cite no authority supporting the proposition that the Court could or should have dismissed Plaintiff's negligence claims pursuant to Rule 4(m) without first giving any sort of warning or notice, and the Court is unaware of any such authority. In fact, their argument runs contrary to the plain language of Rule 4(m), which explicitly provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion *or on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service must be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

No party to this case filed a Rule 4(m) motion to dismiss Plaintiff's claims against Defendants Stoner and Cunningham. Indeed, the Court—on its own—engaged in a Rule 4(m) analysis only after Plaintiff called to the Court's attention his failure to timely serve those Defendants. (ECF No. 42) ("Now that the Court is aware of the Plaintiff's lack of timely service on Separate Defendants Stoner and Cunningham, Rule 4 compels the Court to act on its own

7

regarding the issue."). Because the Court did not act based on a motion to dismiss but rather acted on its own, the Court finds that it was first required to give notice to Plaintiff of potential Rule 4(m) dismissal, which it did by ordering Plaintiff to serve Defendants Stoner and Cunningham within thirty days or face dismissal of those Defendants pursuant to 4(m). Accordingly, the Court finds unavailing Defendants Stoner and Cunningham's argument that the Court should have dismissed Plaintiff's negligence claims against them under 4(m) without any warning or notice to Plaintiff. Thus, the Court finds it unnecessary to revisit its prior order on this ground.

### 2. Prejudice from Expired Deadlines

Defendants Stoner and Cunningham ask the Court to reconsider the alleged undue prejudice they will suffer by being required to proceed with this case with a looming trial date after multiple discovery-related deadlines have already passed. Notwithstanding the fact that the Court already considered this as part of the totality-of-the-circumstances analysis in its November 7, 2018 order, the Court can easily address and dispose of this argument.

On December 19, 2018, the Court granted a continuance of the trial of this matter and lifted all deadlines in this case, with instructions that new pretrial deadlines would be subsequently set. (ECF No. 61). New deadlines have not yet been set, but they will take into account the fact that Defendants Stoner and Cunningham have conducted little, if any, discovery at this point. As a result, Defendants Stoner and Cunningham will receive a sufficient amount of time to prepare their defense and conduct any necessary discovery without running afoul of any pretrial deadlines. They will suffer no prejudice resulting from expired deadlines and, thus, the Court finds it unnecessary to revisit its prior order on this ground.

### 3. Statute of Limitations

Defendants Stoner and Cunningham also argue that the Court should consider the allegedly

8

prejudice toward them caused by allowing Plaintiff's state-law claims to proceed after the expiration of the statute of limitations. They state that a claim for medical negligence in Arkansas is subject to a two-year statute of limitations, which begins to accrue on the date of the wrongful act. Plaintiff's claims against them allegedly arose in March 2016, and thus, the statute of limitations expired in March 2018. Defendants Stoner and Cunningham argue that when Plaintiff did not serve them by March 2018 his negligence claims against them became time barred. Accordingly, they conclude that the Court should not allow Plaintiff's negligence claims to proceed.

The Court finds this argument unavailing. Under Arkansas law, a case is commenced by filing a complaint with the clerk of the proper court and accomplishing timely service of process. *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 175, 866 S.W.2d 372, 373 (1993). The tolling of a statute of limitations under Arkansas law is based on the date the complaint is filed, not the date on which service is accomplished. *Id.* "Although Arkansas substantive law controls as to commencement, the timeliness of service is still controlled by Rule 4(m) of the Federal Rules of Civil Procedure." *See Girlinghouse v. Capella Healthcare, Inc.*, No. 6:15-cv-6008-RTD, 2015 WL 13358295, at *4 (W.D. Ark. Aug. 27, 2015). "Thus, as long as Plaintiff[] accomplishes service within the time permitted under the applicable rules—taking into consideration any extensions allowable under those rules—the action will have been commenced, and the statute of limitations tolled, as of the filing of the complaint." *Id.* (extending a plaintiff's time to serve a defendant under Rule 4(m) when the case had been filed but service had not been perfected prior to the expiration of the statute of limitations).

Although it is true that Plaintiff had not served Defendants Stoner and Cunningham by March 2018, he nonetheless filed this action—naming them as defendants—in January 2018, prior

9

to the expiration of the applicable statute of limitations. As discussed above, the Court subsequently conducted a Rule 4(m) analysis and, in its discretion and after finding sufficient excusable neglect, the Court extended Plaintiff's time to serve Defendants Stoner and Cunningham. He perfected service on them within the Court-ordered time to do so and, thus, the Court finds that no statute of limitations issue exists to cause the Court to revisit its prior order.

### 4. Conclusion

As discussed above, the Court finds that Defendants Stoner and Cunningham have shown none of the "exceptional circumstances" or narrow grounds required for Rule 60(b) relief. *USIC, LLC*, 2017 WL 2841217, at *1. Thus, the Court finds no basis upon which to revisit its November 7, 2018 order, or to otherwise grant Defendants Stoner and Cunningham the Rule 60(b) relief they seek. Accordingly, the Court finds that the instant motion should be denied to the extent that it requests Rule 60(b) relief.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Defendants Melissa Stoner and Diane Cunningham's Partial Motion to Dismiss (ECF No. 52) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 9th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge