## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

**CRAIG SHIPP**                                                                            **PLAINTIFF**

v.                     **CASE NO. 4:18-CV-04017-SOH**

**KEVIN MURPHY, et al.**                                                      **DEFENDANTS**

## DECLARATION OF STEPHEN ARNOLD

I, Stephen Arnold, am competent to testify and have personal knowledge regarding the statements contained in this declaration, and do hereby state and verify the following:

1. At all times relevant to this lawsuit, I was the warden at the Southwest Arkansas Community Correction Center located in Texarkana, Arkansas. As warden, I was responsible for the overall operation of SWACCC. I do not have any medical training or expertise.

2. I am aware that Craig A. Shipp filed the above referenced lawsuit against me.

3. On January 11, 2016, Craig A. Shipp was convicted of a fourth DWI offense and sentenced by the Crawford County Circuit Court to two years' incarceration. As part of his incarceration, Shipp was also sentenced to participate in the Modified Therapeutic Community Program at the Southwest Arkansas Community Correction Center. (*See* Sentence Data Sheet for Craig A. Shipp attached to Separate Defendant's Motion for Summary Judgment as "Ex. 19, Sentence Data Sheet for Craig A. Shipp" and February 1, 2016 Letter to Brenda Jeffers attached to Separate Defendant's Motion for Summary Judgment as "Ex. 20, February 1, 2016 Letter to Brenda Jeffers").

4. When Shipp arrived at SWACCC from the Crawford County Detention Center he did not have his prescription orthotic shoes.



EXHIBIT 5

5. If the Crawford County Detention Center would have allowed Shipp to bring his shoes on February 1, 2016, the unit security's staff would have contacted the unit's medical staff and told them that a new inmate had arrived at the unit with what appeared to be a pair of special shoes. The medical staff would have identified the shoes as a medical necessity and Shipp would have been allowed to keep his shoes.

6. Because Shipp arrived at SWACCC without his shoes, before I could approve Shipp's request for his shoes, the unit's medical staff had to first determine that the shoes were medically necessary.

7. If Shipp's family had either showed up at the unit with the shoes or mailed them to the unit at any time between February 1 and February 16, 2016, the unit's security staff would have contacted the medical staff. As explained above, the medical staff would have identified the shoes as a medical necessity and I would have allowed Shipp to receive his shoes.

8. On February 16, 2016, I was informed by the HSA, Lenore Philson, that Dr. Lenore Lomax had written orders authorizing Shipp to have his orthopedic shoes.

9. February 16, 2016, was the first time a member of the unit's medical staff indicated that Shipp's orthopedic shoes were medically necessary.

10. Upon being informed that Shipp's orthopedic shoes were medically necessary, I emailed my boss, Kevin Murphy, on the morning of February 16, 2016 to obtain authorization for Shipp's to receive his shoes. That same day, Mr. Murphy authorized Shipp receiving his shoes. (*See* February 16, 2016 email attached to Separate Defendant's Motion for Summary Judgment as "Exhibit 6, February 16, 2016 email between Lenore Philson (formerly Turner), Stephen Arnold, Kevin Murphy, and Kim Hoffman").

2

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

**FURTHER DECLARANT SAYETH NOT.**

_____
STEPHEN ARNOLD

_____08/29/2019_____
DATE