# Transcript of the Testimony of
# Earl Peeples

**Date:** June 10, 2019

**Case:** Shipp v. Murphy, et al.



ConwayCourt
—Reporting—



EXHIBIT
17

Conway Court Reporting
Phone: 5013194807
Email: lydia@conwaycourtreporting.com

Page 1

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

CRAIG SHIPP                                                      PLAINTIFF

VS.                    NO. 4:18-CV-04017-SOH

KEVIN MURPHY, et al                                            DEFENDANTS


ORAL DEPOSITION

OF

RAYMOND EARL PEEPLES, M.D.

TAKEN JUNE 10, 2019, AT 11:07 A.M.


Conway Court Reporting

Post Office Box 2188

Conway, Arkansas 72033

www.conwaycourtreporting.com


"Spoken to written . . . word for word"


Conway Office: 501.679.1488    Little Rock Office: 501.319.4807

1                    A P P E A R A N C E S

2

3    ON BEHALF OF THE PLAINTIFF:

4

5    MR. DEREK S. FRANSEEN

6    ATTORNEY AT LAW

7    200 EAST 10TH STREET PLAZA

8    EDMOND, OKLAHOMA 73034

9

10   ON BEHALF OF THE DEFENDANTS:

11

12   MS. MICHELLE ODUM

13   HUMPHRIES, ODUM & EUBANKS

14   1901 BROADWAY STREET

15   LITTLE ROCK, ARKANSAS 72206

16

17   MS. ROSALYN MIDDLETON

18   ARKANSAS ATTORNEY GENERAL'S OFFICE

19   323 CENTER STREET, SUITE 200

20   LITTLE ROCK, ARKANSAS 72201

21

22

23

24         CONWAY COURT REPORTING - 501.679.1488 or 501.319.4807

25                   www.conwaycourtreporting.com

1                    I N D E X

2

3  STYLE AND NUMBER . . . . . . . . . . . . . . . . . . 1

4  APPEARANCES  . . . . . . . . . . . . . . . . . . . . 2

5  STIPULATION PAGE . . . . . . . . . . . . . . . . . . 4

6  WITNESS: RAYMOND EARL PEEPLES, M.D.

7       Examination by Mr. Franseen . . . . . . . . . . . 5

8       Examination by Ms. Odum . . . . . . . . . . . . . 56

9       Further Examination by Mr. Franseen . . . . . . . 61

10      Further Examination by Ms. Odum . . . . . . . . . 62

11      Deposition Concluded    . . . . . . . . . . . . . 63

12 COURT REPORTER'S CERTIFICATE   . . . . . . . . . . . 64

13

14 EXHIBITS:                                  IDENTIFIED:

15

16 1.   Medical records . . . . . . . . . . . . . . . . 56

17 2.   Invoices . . . . . . . . . . . . . . . . . . . . 56

18

19

20

21

22

23

24

25

```
 1                    C A P T I O N
 2     ANSWERS AND ORAL DEPOSITION OF RAYMOND EARL PEEPLES, M.D.,
 3  a witness produced at the request of the Plaintiff, taken in
 4  the above-styled and numbered cause on the 10th day of June,
 5  2019, at 11:07 a.m., at the law offices of Humphries, Odum &
 6  Eubanks, 1901 Broadway Street, Little Rock, Arkansas, pursuant
 7  to the Federal Rules of Civil Procedure.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

                  P R O C E E D I N G S

1       THEREUPON,

2                RAYMOND EARL PEEPLES, M.D.,

3         THE WITNESS HEREINBEFORE NAMED, having

4       been first duly cautioned and sworn by me

5       to testify to the truth, the whole truth,

6       and nothing but the truth, testified on his

7       oath as follows, to-wit:

8                        EXAMINATION

9   BY MR. FRANSEEN:

10  Q    Please state your full name for the record.

11  A    Raymond Earl Peeples.

12  Q    And Peeples is spelled P-e-e-p-l-e-s?

13  A    Yes, sir.

14  Q    Have you ever testified as an expert before?

15  A    Yes.

16  Q    How many times?  More than five?  More than ten?

17  A    More than 100.

18  Q    In the last four years, how many times have you testified

19  as an expert?

20  A    I don't know.

21  Q    If you had to estimate in the last four years, how many

22  times have you testified?

23  A    By deposition or trial?  I believe we have an attached

24  list.

1  and behavioral patterns, he would have been better off if he
2  received a Syme amputation at that time.
3  Q    Okay.  And I want to show you a couple of records that
4  were provided by the plaintiff.  They are UAMS-MR 630, 674,
5  675, and 702.  These are actually -- he asked you
6  about -- something was referenced about an amputation while he
7  was still incarcerated.  I want you to look at these records,
8  which were while he was still incarcerated.
9  A    We've got a record here that states he does not have
10 infection and will not have an amputation.  Here in August of
11 2016, they talk about Syme versus below the knee.
12 Q    So Syme was still available in August of 2016?
13 A    Apparently.  If you wait too long, you can't do it.
14 That's a surgical decision.  If you've got some really bad
15 looking tissue there or they don't have good sensation there,
16 you are better off with below the knee.  I think in 2013, a
17 Syme would have been possible.
18 Q    And again, this is a year before his actual amputation;
19 that correct?
20 A    I don't know the date of his amputation.  This is July of
21 2016.  He didn't have his amputation until a year later.  He
22 was stubborn about that.  On 7/31/16, they were talking about
23 amputation.
24 Q    And he elected not to do it in 2016.  And in 2017, did you
25 see anything that said that Syme -- what does that stand for?

1   A   I think that when you look at the A1C, it is an indicator

2   of whether or not he is following his diet and how his body is

3   reacting. I don't think it is a marker of how his diabetes is

4   doing. Obviously, his diabetes was very severe in 2013 based

5   on his physical appearance, X-rays, and the ulcers. It's not

6   good to have a high A1C. It's good to have one that's low.

7   Q   But is that just indicative of a noncompliant patient if

8   it jumps from --

9          MR. FRANSEEN: Object to form.

10  Q   -- 6.8 to 13?

11  A   In the absence of a different and logical explanation,

12  noncompliance would be the primary suspect. You have a history

13  of Mr. Shipp being a noncompliant individual, socially, legally

14  and personal care-wise. He is just not a compliant individual.

15  That would be the best logical explanation.

16          MS. ODUM: That's all I have.

17          MR. FRANSEEN: Nothing further.

18          (WHEREUPON, the proceedings were concluded in

19      the matter at 12:33 p.m.)

20              (WITNESS EXCUSED)

21

22

23

24      CONWAY COURT REPORTING - 501.679.1488 or 501.319.4807

25              www.conwaycourtreporting.com

```
 1                    C E R T I F I C A T E
 2    STATE OF ARKANSAS    )
 3                         ) ss
 4    COUNTY OF FAULKNER   )
 5
 6        I, NICOLE HARTWICK, Certified Court Reporter #739, does
 7    hereby certify that the facts stated by me in the caption on
 8    the foregoing proceedings are true; and that the foregoing
 9    proceedings were reported verbatim through the use of the
10    voice-writing method and thereafter transcribed by me or under
11    my direct supervision to the best of my ability, taken at the
12    time and place set out on the caption hereto.
13
14        I FURTHER CERTIFY, that I am not a relative or employee of
15    any attorney or employed by the parties hereto, nor financially
16    interested or otherwise, in the outcome of this action, and
17    that I have no contract with the parties, attorneys, or persons
18    with an interest in the action that affects or has a
19    substantial tendency to affect impartiality, that requires me
20    to relinquish control of an original deposition transcript or
21    copies of the transcript before it is certified and delivered
22    to the custodial attorney, or that requires me to provide any
23    service not made available to all parties to the action.
24
25
```

1        WITNESS MY HAND AND SEAL this 2nd day of July, 2019.

2

3

4        _____

5   NICOLE HARTWICK, CCR

6   Certified Court Reporter #739

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24        CONWAY COURT REPORTING - 501.679.1488 or 501.319.4807

25                     www.conwaycourtreporting.com