IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CRAIG SHIPP                                                                                    PLAINTIFF

v.                                    Case No. 4:18-cv-4017

STEVEN ARNOLD; DR.
MIMO LEMDJA; LENORA
TURNER; KINDALL SMITH;
and CORRECT CARE SOLUTIONS, LLC                                                DEFENDANTS

## ORDER

Before the Court is Plaintiff Craig Shipp's Motion to Exclude Witness James T. Banks. (ECF No. 104). Separate Defendant Steven Arnold has responded. (ECF No. 115). The Court finds that the matter is ripe for consideration.

### I. BACKGROUND

On March 26, 2018, Plaintiff, through counsel, filed an amended complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when he was incarcerated in the Southwest Arkansas Community Correction Center in Texarkana, Arkansas. Plaintiff, a diabetic, alleges that Defendants deprived him of his orthotic shoes and inserts for several weeks, which caused injury that ultimately required the amputation of his foot. Plaintiff asserts a federal claim of Eighth Amendment deliberate indifference and a state-law claim of negligence.

On May 29, 2018, Defendant Arnold provided initial disclosures to Plaintiff in accordance with Federal Rule of Civil Procedure 26. Those disclosures identified Kevin Murphy ("Murphy") as an individual who might have information regarding Arkansas Community Correction policies and procedures, as well as information on Defendant Arnold's affirmative defenses. The discovery

deadline passed on June 24, 2019.[1]  Plaintiff did not depose Murphy by that time.

On October 28, 2019, Defendant Arnold's counsel learned that James T. Banks ("Banks") might also have information regarding Arkansas Community Correction policies and procedures, as well as information on Defendant Arnold's affirmative defenses.  That same day, Defendant Arnold supplemented his initial disclosures to state that Banks might have relevant information.

On February 10, 2020, Plaintiff filed the instant motion, asking the Court to exclude Banks's testimony at trial because he was not timely disclosed.  Defendant opposes the motion.

## II.  DISCUSSION

Plaintiff argues that Banks' testimony must be excluded at trial because otherwise, Plaintiff will be prejudiced because the discovery deadline has passed and, thus, he cannot depose Banks.  Defendant Arnold argues that Banks possesses the same information as Murphy and, thus, the late disclosure of Banks is harmless because Plaintiff had the opportunity to depose Murphy and did not do so.

The purpose of discovery "is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968).  Without awaiting a discovery request, a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed R. Civ. P. 26(a)(1).  A party must supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

---

[1] After the discovery period ended, one of Plaintiff's expert witnesses passed away.  The Court allowed Plaintiff to designate a replacement expert, allowed Defendants to designate any rebuttal experts, and allowed the parties to conduct associated expert depositions by December 2, 2019.  No other component of discovery was extended.

information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

"[W]hen a party fails to comply with the disclosure requirements in Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (citing Fed. R. Civ. P. 37(c)(1)) (internal quotation marks omitted). Thus, this is "a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion [for sanctions]." Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment.

The Court has "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case," including the exclusion of untimely disclosed witnesses. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). To determine whether an untimely disclosure is substantially justified or harmless, the Court must consider the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003); *see also Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir. 1995) (listing a variety of possibly relevant factors).

It is undisputed that Defendant Arnold did not disclose Banks as a potential witness until roughly four months after the discovery deadline expired. Thus, the only remaining question is whether the untimely disclosure is substantially justified or harmless. Plaintiff contends that, because the discovery period has ended, he will be prejudiced if Banks is not excluded because he cannot depose Banks. Defendant Arnold argues that his late disclosure is harmless because Banks

3

has substantially the same knowledge as Murphy, who Defendant Arnold timely disclosed as a potential witness and who Plaintiff did not depose.

The Court is unpersuaded by Defendant Arnold's argument that his untimely disclosure is harmless. The Court cannot tell from Defendant Arnold's supplemental disclosures what specific information Banks has knowledge of or to what extent that information overlaps with the knowledge possessed by Murphy. Neither can Plaintiff, which is the problem. Whether Plaintiff had an opportunity to depose Murphy has no bearing on the fact that Plaintiff received inadequate notice that Banks is a potential witness with relevant information to Defendant Arnold's defense. Even if he wanted to, Plaintiff cannot conduct discovery regarding Banks because the disclosure came months after the close of discovery. Thus, the Court finds that Defendant Arnold's untimely disclosure of Banks is neither substantially justified nor harmless.

"The Federal Rules seek to prevent trial by ambush." *McGuire v. Cooper*, No. 8:16-cv-0004, 2018 WL 3935053, at *2 (D. Neb. Aug. 16, 2018). Defendant Arnold failed to timely disclose Banks as a potential witness as required by Rule 26(a) and, thus, he cannot rely on Banks to supply evidence on a motion, at a hearing, or at trial. *Vanderberg*, 906 F.3d at 702.

### III. CONCLUSION

For the above-stated reasons, Plaintiff's Motion to Exclude Witness James T. Banks (ECF No. 104) is hereby **GRANTED**. Defendant Arnold may not offer James T. Banks to supply evidence on a motion, at a hearing, or at trial.

**IT IS SO ORDERED**, this 27th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge